1  S. Frank Harrell, Esq – SBN 133437
   sharrell@lynberg.com
2  Jesse K. Cox, Esq. – SBN 285218
   jcox@lynberg.com
3  **LYNBERG & WATKINS**
   A Professional Corporation
4  1100 Town & Country Road, Suite 1450
   Orange, California 92868
5  (714) 937-1010 Telephone
   (714) 937-1003 Facsimile
6

7  Attorneys for Defendants COUNTY OF ORANGE, KEITH FRANKLIN, and
   EVER ZELAYA
8

9                    **UNITED STATES DISTRICT COURT**

10                   **CENTRAL DISTRICT COURT OF CALIFORNIA**

11

| | |
|---|---|
| 12 MATHEW RENDON, Individually, | CASE NO. 8:21-cv-00190 |
| 13          Plaintiff, | |
| 14     vs. | **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION JURISDICTION)** |
| 15 COUNTY OF ORANGE, KEITH S. | |
| 16 FRANKLIN; I ZUMAR; EVER I. ZELAYA; and DOES 1 – 30, Inclusive | [Removed from Orange County Superior Court, Case No. 30-2020-01145121-CU-CR-CJC] |
| 17 | [Related to 8:18-cv-01835-JLS-KES] |
| 18          Defendants. | |
| 19 | [Federal Question Jurisdiction: 28 U.S.C. §§ 1331; Removal: 28 U.S.C. §§ 1441, 1446; Supplemental Jurisdiction: 28 U.S.C. § 1367] |
| 20 | |
| 21 | |
| 22 | [Civil Case Cover Sheet and Certificate of Interested Parties Filed Concurrently Herewith] |
| 23 | |

24

25

26

27

28

**TO THE CLERK OF THE ABOVE-REFERENCED COURT:**

**PLEASE TAKE NOTICE** that on this date, based on the allegations of Plaintiff MATHEW RENDON ("Plaintiff") First Amended Complaint, Defendants COUNTY OF ORANGE, KEITH FRANKLIN, AND EVER ZELAYA (collectively "Defendants") hereby remove the above-entitled action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California, Southern Division, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. Defendants remove this civil action based on the following.

1.     On or about October 10, 2018, Plaintiff commenced an action in the United States District Court for the Central District of California entitled Mathew Rendon v. County of Orange, et al., Case No. 8:18-cv-01835-JLS-KES (now terminated). In that case, Plaintiff made allegations that he was abused while incarcerated at the Orange County Jail in 2018 and in February 2019. Specifically, he alleged he was "beaten" by Orange County Sheriff's Department deputies during supposed unmonitored "elevator rides" in 2018. He further alleged he was subjected to a "sexual assault" or "battery" when a deputy inserted a finger into his anus and forcefully squeezed his testicles during an alleged "strip search." Plaintiff alleged his safety and the safety of his then girlfriend was threatened if Plaintiff complained of these alleged abuses. From this factual predicate, Plaintiff asserted various federal civil rights claims pursuant to 42 U.S.C. § 1983 against Defendants County of Orange, former Sheriff Sanda Hutchens, and Sheriff Don Barnes. In that action, Plaintiff also purported to sue various individual defendants, including a "Deputy Franklin" and "Deputy Zumar." On January 3, 2020, the Honorable Josephine L. Staton entered an order dismissing the above-referenced action against Defendants County of Orange, former Sheriff Hutchens, and Sheriff Barnes with prejudice. (See, Case No. 8:18-cv-01835-JLS-KES, Dkt. 71, Exhibit "A"). On March 31, 2020, Judge Staton entered an order dismissing the above-referenced

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)**
**(FEDERAL QUESTION JURISDICTION)**

action against individual but unserved defendants, including the previously unserved "Deputy Franklin" and "Deputy Zumar." (See, Case No. 8:18-cv-01835-JLS-KES, Dkt. 78, Exhibit "B"). Having previously dismissed the County, former Sheriff Hutchens, and Sheriff Barnes with prejudice, Judge Staton ordered Plaintiff's then-operative Second Amended Complaint dismissed in its entirety. (See, Case No. 8:18-cv-01835-JLS-KES, Dkt. 78, Exhibit "B"). On April 7, 2020, Judge Staton entered judgment against Plaintiff on Case No. 8:18-cv-01835-JLS-KES. (See, Case No. 8:18-cv-01835-JLS-KES, Dkt. 80, Exhibit "C").

2.    After complete dismissal of his prior federal action, on or about May 26, 2020, Plaintiff commenced an action in the Superior Court of the State of California for the County of Orange, Case No. 30-2020-01145121-CU-CR-CJC, entitled Mathew Rendon v. County of Orange. A copy of the file-stamped version of the Complaint filed by Plaintiff on May 26, 2020 is attached hereto as Exhibit "D." On or about June 26, 2020, the Superior Court issued and filed a Summons on Plaintiff's Complaint. The Summons is attached hereto as Exhibit "E."

3.    On or about August 12, 2020, Plaintiff filed a First Amended Complaint in the Superior Court of the State of California for the County of Orange, Case No. 30-2020-01145121-CU-CR-CJC. A copy of the file-stamped version of the First Amended Complaint filed by Plaintiff on August 12, 2020 is attached hereto as Exhibit "F." On or about November 30, 2020, the Superior Court issued and filed a Summons on Plaintiff's First Amended Complaint. That Summons is attached hereto as Exhibit "G."

4.    Plaintiff personally served Defendants County of Orange, Keith S. Franklin, and Ever I. Zelaya on December 28, 2020, by hand-delivering copies of Summonses and the First Amended Complaint from his Superior Court action at the office of the Clerk of the Board of Supervisors and the Orange County Sheriff's Department. Proofs of Service of Summons memorializing service on the County, Keith S. Franklin, and Ever I. Zelaya are attached hereto as Exhibit "H."

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)**
**(FEDERAL QUESTION JURISDICTION)**

5.     The Orange County Sheriff's Department did not accept service for named defendant "I. Zumar," as no such person is employed by the Orange County Sheriffs' Department.

6.     Plaintiffs' First Amended Complaint alleges the following causes of action:

(1) "CLAIM FOR 42 U.S.C. § 1983 – EXCESSIVE FORCE – VIOLATION OF 1st & 4th AMENDMENT RIGHTS" for dates 4/1/18 – 10/31/18 against Defendants County of Orange, Keith S. Franklin, I. Zumar, Ever Zelaya and Does 1-10;

(2) "CLAIM FOR 42 U.S.C. § 1983 – EXCESSIVE FORCE – VIOLATION OF 1st & 4th AMENDMENT RIGHTS" for dates 2/9/19 – 2/10/19 against Defendants County of Orange, Keith S. Franklin, I. Zumar, Ever I. Zelaya, and Does 1 - 20;

(3) "CALIFORNIA STATE LAW CLAIM FOR BATTERY" for dates 4/1/18 – 10/31/18 against Defendants County of Orange, Keith S. Franklin, I. Zumar, Ever I. Zelaya, and Does 1 -10;

(4) "CALIFORNIA STATE LAW CLAIM FOR BATTERY & SEXUAL BATTERY" for dates 2/9/19 – 2/10/19 against Defendants County of Orange, Keith S. Franklin, I. Zumar, Ever I. Zelaya, and Does 1 - 20;

(5) "CALIFORNIA STATE LAW CLAIM FOR VIOLATION OF CAL. CIVIL CODE § 52.1" for dates 2/9/19 – 2/10/19 against Defendants County of Orange, Keith S. Franklin, I. Zumar, Ever I Zelaya.

4
**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)**
**(FEDERAL QUESTION JURISDICTION)**

(See generally, First Amended Complaint, Exhibit "F").

7.    The first date upon which Defendants received service of process was on December 28, 2020, as discussed in Paragraph 4, above.  Removal on behalf of the served Defendants is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed within 30 days of December 28, 2020.

8.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441, in that it arises under the United States Constitution and federal statutes.  Specifically, Plaintiff's First Amended Complaint seeks relief pursuant to 42 U.S.C. § 1983 for alleged violations of rights secured by the First and Fourth Amendments to the United States Constitution.

9.    Plaintiff asserts his First and Second Causes of Action against Defendants County, Franklin, and Zumar through 42 U.S.C. § 1983, for alleged violations of First and Fourth Amendment rights.  (See generally, Plaintiff's Complaint for Damages, p. 4, Exhibit "F").  In summary, Plaintiff alleges that "beginning in approximately April 2018 and on a total of seven occasions following every 2 or 3 weeks, [Plaintiff] was beaten while in chains in the jail elevator."  (See, First Amended Complaint, pp. 4-5, Exhibit "F").  He claims these "beatings" were in "retaliation" for Plaintiff's criminal conduct as the "BB Gun Bandit."  (Id.).  Plaintiff claims he was "Pre-Trial Detainee" at the time of the "beatings," and that the "beatings" occurred "while the power was out, leading the guards to believe there were no working cameras so they could beat [Plaintiff] with impunity."  (Id.).  Plaintiff claims that when he complained about these "beatings," Deputies Franklin, Zumar, Zeyala and Does 1-20 "told [Plaintiff] he was going to go to [Plaintiff's] home in South County and rape his wife, if he continued to complain about his beatings or if he made inmate grievances about his beatings."  (Id.).  Plaintiff further alleges that on or about February 9, 2019 or February 10, 2019, he was

"subjected to a 'strip search' which included sexual assaults by Keith S. Franklin, I. Zumar, Ever I. Zelaya and DOES 1 through 20, who brutally squeezed [Plaintiff's] testicles, and injected a finger into [Plaintiff's] anus." (See, First Amended Complaint, p. 5, Exhibit "F").  According to Plaintiff, "[s]aid conduct by said defendants constituted violations of the plaintiff's rights under the First Amendment (right to petition / freedom of speech) and the Fourth Amendment (unreasonable / excessive force) to the United States Constitution." (See, First Amended Complaint, pp. 4-5, Exhibit "F").  Plaintiff alleges that he suffered "great physical harm, mental and emotional injuries, pain and suffering." (See, First Amended Complaint, pp. 4-5, Exhibit "F").  He claims he is entitled to "compensatory" and "punitive" damages "according to proof." (See, First Amended Complaint pp. 3, 9, Exhibit "F").

10.    Plaintiff's Third, Fourth and Fifth Causes of Action seek relief pursuant to California law. (See generally, First Amended Complaint, pp. 6-8, Exhibit "F").  All of these causes of action are removable under the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  See, Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995) ("Pendent jurisdiction over state claims exists when the federal claim is sufficiently substantial to confer federal jurisdiction, and there is 'a common nucleus of operative fact between the state and federal claims….  The decision to retain jurisdiction over state law claims is within the district court's discretion, weighing factors such as economy, convenience, fairness, and comity.") (internal citations omitted).

11.    All served defendants join in and consent to removal.  See, 28 U.S.C. § 1446(b)(2)(A).

12.    Although the entire action may be removable in the circumstances here involved, pursuant to 28 U.S.C. § 1441(c)(2) the Court may sever the claims not within the original or supplemental jurisdiction of the district court (under 28 U.S.C. § 1441(c)(1)) and remand the severed claims to the State Court from which removal was sought and obtained.

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)**
**(FEDERAL QUESTION JURISDICTION)**

13.     Removal to this Court is proper under 28 U.S.C. § 1441 because the Complaint and operative First Amended Complaint were filed in the Superior Court of the State of California for the County of Orange, and this U.S. District Court for the Central District of California in the Southern Division is the U.S. District Court for the district and division in which this action is pending.  Moreover, as acknowledged on Defendants' concurrently-filed Civil Case Cover Sheet, concurrently-filed Notice of Related Case Pursuant to Local Rule 83-1.3, and as stated in the allegations of Plaintiff's First Amended Complaint, this case relates to Plaintiff's prior federal action, Case No. 8:18-cv-01835-JLS-KES.  (See, e.g., First Amended Complaint, pp. 4-8, Exhibit "F").

14.     The jurisdictional allegations of this Notice were true at the time the state court action was commenced against Defendants and remain true as of the date of filing of this Notice of Removal.

15.     A copy of this Notice of Removal will be filed with the Superior Court of the State of California for the County of Orange and served upon all adverse parties as required by 28 U.S.C. § 1446(d), and an appropriate notice of compliance with 28 U.S.C. Section 1446(d) also shall be served and filed in the above-entitled Court.

16.     By virtue of this Notice of Removal, Defendants do not waive their rights to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure.  Further, Defendants reserve the right to submit additional evidence and assert supplemental grounds in support of removal as appropriate in future circumstances.

17.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers or exhibits of every kind filed and/or served on Defendants, or otherwise available on the docket in the state court action are attached here, as follows:

❖ Exhibit "D" – Original Complaint filed in Superior Court action, Case

No. 30-2020-01145121-CU-CR-CJC

❖ Exhibit "E" – Summons on original Complaint issued in Superior Court action, Case No. 30-2020-01145121-CU-CR-CJC

❖ Exhibit "F" – First Amended Complaint filed in Superior Court action, Case No. 30-2020-01145121-CU-CR-CJC

❖ Exhibit "G" – Summons on First Amended Complaint issued in Superior Court action, Case No. 30-2020-01145121-CU-CR-CJC

❖ Exhibit "H" – Proofs of Service of Summonses regarding service of First Amended Complaint on Defendants County of Orange, Keith Franklin, and Ever Zumar in Superior Court action, Case No. 30-2020-01145121-CU-CR-CJC

❖ Exhibit "I" – Civil Case Cover Sheet filed in Superior Court action, Case No. 30-2020-01145121-CU-CR-CJC

❖ Exhibit "J" – Payment Receipt for filing original Complaint in Superior Court action, Case No. 30-2020-01145121-CU-CR-CJC

❖ Exhibit "K" – Notice of Case Assignment in Superior Court action, Case No. 30-2020-01145121-CU-CR-CJC

❖ Exhibit "L" – Notice of Hearing regarding Mandatory Settlement Conference in Superior Court action, Case No. 30-2020-01145121-CU-CR-CJC

❖ Exhibit "M" – Notice of Hearing regarding Jury Trial in Superior Court action, Case No. 30-2020-01145121-CU-CR-CJC

❖ Exhibit "N" – Notice of Rejection of Electronic Filing regarding a "First Amended Summons" in Superior Court action, Case No. 30-2020-01145121-CU-CR-CJC

❖ Exhibit "O" – Proof of Service regarding "I. Zumar" in Superior Court action, Case No. 30-2020-01145121-CU-CR-CJC

/ / /

**8**
**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)**
**(FEDERAL QUESTION JURISDICTION)**

18.     Additionally, and pursuant to Central District Local Rule 3.1, a completed Civil Case Cover Sheet and Certificate of Interested Parties have been filed with the Court.

WHEREFORE, Defendants respectfully request that this civil action be removed from the Superior Court of the State of California for the County of Orange to the above-entitled court.  Should the Court be inclined to remand this action, Defendants respectfully request the Court first issue an order to show cause as to why the case should not be remanded, as an order remanding a case to state court is not reviewable.  See, 28 U.S.C. § 1447(d).  Such an order would permit Defendants the ability to cure any technical defect in this Notice of Removal and to submit additional evidence and/or arguments as the Court may request in support of removal of the state court action to the Federal District Court for the Central District of California – Southern Division.

DATED:  January 27, 2021                    Respectfully submitted,

**LYNBERG & WATKINS**
A Professional Corporation

By:  _____
**S. FRANK HARRELL**
**JESSE K. COX**
Attorneys for Defendants
COUNTY OF ORANGE, KEITH
FRANKLIN. and EVER ZELAYA

4831-8387-8105, v. 1

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)**
**(FEDERAL QUESTION JURISDICTION)**