# EXHIBIT A

Case 8:18-cv-01835-JLS-KES  Document 71  Filed 01/03/20  Page 1 of 8  Page ID #:692

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01835-JLS-KES                                Date: January 03, 2020
Title: Mathew Rendon v. County of Orange et al.

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                        Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER GRANTING COUNTY DEFENDANTS' MOTION TO DISMISS (Doc. 42)**

Under submission is a Motion to Dismiss Portions of Plaintiff's Second Amended Complaint ("Motion to Dismiss") filed by Defendants County of Orange (the "County"), former Sheriff Sandra Hutchens, and current Sheriff Don Barnes[1] (collectively, "County Defendants"). (Mot. to Dismiss, Doc. 42.) Plaintiff opposed. (Opp., Doc. 47.) County Defendants replied. (Reply, Doc. 48.) For the reasons below, the Court GRANTS County Defendants' Motion as to Plaintiff's constitutional claims, which are Plaintiff's only federal claims against County Defendants, and declines to decide the motion as to Plaintiff's state-law claims until and unless there is a viable federal claim that remains pending.

**I.   BACKGROUND**

Plaintiff's First Amended Complaint asserted a number of alleged wrongs suffered by Plaintiff while in the County's custody, including multiple batteries; sexual assault; mail tampering; improper telephonic monitoring; inadequate psychiatric, medical, and optometric treatment; improper denials of grievances; and interference with religious practices. (*See* Order re First MTD at 1–2, Doc. 33; FAC ¶¶ 12–17, Doc. 21.) That

---

[1] Plaintiff alleges that Sheriff Barnes took office on January 1, 2019, replacing Sheriff Hutchens. (SAC ¶ 12, Doc. 35.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01835-JLS-KES                                      Date: January 03, 2020
Title: Mathew Rendon v. County of Orange et al.

pleading brought four causes of action: (1) deprivation of constitutional rights under 42 U.S.C. § 1983; (2) deprivation of rights under California Civil Code § 52.1 (Tom Bane Civil Rights Act); (3) battery; and (4) negligence. (FAC ¶¶ 11–34.) All four claims were brought against all three County Defendants. (*Id.*) The First Amended Complaint also indicated that Sheriff Hutchens and Sheriff Barnes were sued in both their individual and official capacities. (*See id* at 1.)

On May 23, 2019, the Court dismissed the § 1983 claim against the County, holding that Plaintiff did not sufficiently plead municipal liability per *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978) because he failed to allege "facts (1) to establish that any policies or customs exist with respect to any particular alleged harm, . . . or (2) to show that the particular acts that caused [him] harm are consistent with such policies or customs." (Order re First MTD at 3, Doc. 33.) The Court also dismissed all claims against Sheriff Hutchens and Sheriff Barnes, holding that "the First Amended Complaint d[id] not sufficiently identify which conduct is attributable to which Sheriff and in what capacity." (*Id.* at 4.) The Court granted Plaintiff leave to amend on all dismissed claims. (*Id.* at 5.)

On June 12, 2019, Plaintiff filed his Second Amended Complaint, in which Plaintiff narrows the scope of his allegations and crystallizes his claims around three courses of alleged misconduct. (*See* SAC, Doc. 35.) First, Plaintiff alleges that he was beaten by deputies, including Deputy Zumar, on seven occasions in 2018 in an unsurveilled elevator. (*See id.* ¶¶ 33–35.) Second, Plaintiff alleges that Deputy Franklin sexually assaulted him under the guise of a "strip search" on February 9, 2019. (*See id.* ¶ 13.) Third, Plaintiff alleges that his outgoing mail was confiscated in 2018. (*See id.* ¶ 53.)

The Second Amended Complaint brings nine causes of action: (1) deprivation of constitutional rights under 42 U.S.C. § 1983, against the County, Sheriff Barnes, and Deputy Franklin; (2) deprivation of rights under California Civil Code § 52.1 against the County, Sheriff Barnes, and Deputy Franklin; (3) battery against the County, Sheriff Barnes, and Deputy Franklin; (4) negligence against all Defendants; (5) deprivation of constitutional rights under 42 U.S.C. § 1983, against the County, Sheriff Hutchens, and Deputy I. Zumar; (6) deprivation of rights under California Civil Code § 52.1 against the

Case 8:18-cv-01835-JLS-KES   Document 71   Filed 01/03/20   Page 3 of 8   Page ID #:694

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01835-JLS-KES　　　　　　　　　　　　　Date: January 03, 2020
Title: Mathew Rendon v. County of Orange et al.

County, Sheriff Hutchens, and Deputy I. Zumar; (7) battery against the County, Sheriff Hutchens, and Deputy I. Zumar; (8) negligence against Sheriff Hutchens and Deputy I. Zumar; and (9) "mail" [sic] against the County and Sheriff Hutchens, which appears to be another § 1983 claim based on mail tampering. (SAC ¶¶ 11–53.) The Second Amended Complaint, too, indicates that all individual Defendants are sued in both their individual and official capacities. (*See id.* at 1.)

County Defendants now move to dismiss all claims against them.

## II.  **LEGAL STANDARD**

"Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for 'failure to state a claim upon which relief can be granted.' Dismissal of a complaint can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Alfred v. Walt Disney Co.*, 388 F. Supp. 3d 1174, 1180 (C.D. Cal. 2019) (citation omitted) (quoting Fed R. Civ. P. 12(b)(6)).

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Courts must also draw all reasonable inferences in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Yet, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). When "a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01835-JLS-KES                                     Date: January 03, 2020
Title: Mathew Rendon v. County of Orange et al.

Accordingly, a complaint must both (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively[,]" and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). This first requirement incorporates Federal Rule of Civil Procedure 8(a)'s pleading standard. *See id.* at 1212–16. Indeed, "Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556 n.3).

Finally, the Court may not dismiss a complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (internal quotation marks and citations omitted); *see also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (district court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts") (internal quotation marks and citations omitted).

## III.  DISCUSSION

### A.  Municipal Defendant (the County)

Municipal entities are liable for the constitutional torts of their employees under Section 1983 only when such torts are carried out pursuant to municipal policy, whether formally promulgated or informally established by widespread custom. *See Monell*, 436 U.S. at 690–95. Plaintiff generally claims that the allegedly unlawful acts undergirding his operative Complaint "were caused by and are pursuant to the unlawful policies of the Orange County Sheriff's Department which were formulated, promulgated, instituted, implemented, maintained and used by [the County Defendants] and were and are part of the custom and practice of these defendants and carried out by employees/ agents[.]" (SAC ¶ 4, Doc. 35.) He repeats this general allegation once more: "Don Barnes, Sandra

Case 8:18-cv-01835-JLS-KES Document 71 Filed 01/03/20 Page 5 of 8 Page ID #:696

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01835-JLS-KES            Date: January 03, 2020
Title: Mathew Rendon v. County of Orange et al.

Hutchens and her predecessors where [sic] responsible for the development, establishment, and/or implementation of the procedures, policies, regulations, practices and/or customs of Orange County Sheriff with respect to its treatment of prisoners." (*Id.* ¶ 8.)

But, like in his First Amended Complaint, Plaintiff does not allege any additional facts to establish that any policies or customs exist with respect to any alleged harm. Indeed, as far as Plaintiff's *Monell* claims go, Plaintiff's Second Amended Complaint is identical to his First Amended Complaint. Here, too, then, "Plaintiff's sole, conclusory allegation of policies or practices that encompass all of Defendants' alleged conduct is insufficient to state a claim for municipal liability under § 1983." (Order re First MTD at 3, Doc. 33.)

Plaintiff's § 1983 claims against the County are therefore dismissed.

### B.    Sheriff Defendants

To begin, the § 1983 claims against Sheriff Barnes and Sheriff Hutchens in their *official* capacities are dismissed as duplicative of Plaintiff's § 1983 claims against the County. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' . . . [T]hus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law.") (quoting, then citing *Monell*, 436 U.S. at 690 n.55).

"As a general rule, when a pleading fails 'to allege what role each Defendant played in the alleged harm,' this 'makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations.'" *Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1037 (N.D. Cal. 2015) (quoting *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015)). Thus, a complaint "must identify what action each Defendant took that caused [the plaintiff's] harm, without resort to generalized allegations against Defendants as a whole." *In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01835-JLS-KES                                         Date: January 03, 2020
Title: Mathew Rendon v. County of Orange et al.

    Plaintiff appears to have heeded the Court's ruling on his First Amended Complaint in terms of disaggregating the Sheriff Defendants' conduct. Plaintiff did so by breaking up the applicable causes of action into two, one as to Sheriff Hutchens (and other Defendants), and one as to Sheriff Barnes (and other Defendants). But Plaintiff's Second Amended Complaint, too, leaves the Court—and, by implication, the County Defendants—without any factual allegations that support Sheriff Hutchens and/or Sheriff Barnes's individual liability under § 1983.

    Plaintiff argues again that former Sheriff Hutchens and Sheriff Barnes are liable for the unlawful acts of their subordinates under a theory of supervisory liability per *Starr v. Baca*, 652 F.3d 1202, because former Sheriff Hutchens and Sheriff Barnes knew of and acquiesced to those acts. (*See* Opp. at 2–5, Doc. 47; SAC ¶ 9, Doc. 35.) "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr*, 652 F.3d at 1207 (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). Here, Plaintiff attempts to allege supervisory liability of the latter kind. "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Starr*, 652 F.3d at 1208 (quoting *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998)). "The requisite causal connection can be established . . . by setting in motion a series of acts by others, or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury[.]" *Starr*, 652 F.3d at 1207–08 (internal citations and quotation marks omitted).

    Here, the entirety of Plaintiff's allegations supporting the Sheriff Defendants' supervisory liability are as follows: that the Deputy Defendants "act[ed] at all times" "with the knowledge and consent of the Sheriff and County of Orange"; that at all relevant times, "Don Barnes and Sandra Hutchens participated in, approved, and/or ratified the unconstitutional or illegal acts complained of"; that "[the allegedly violent and problematic] culture in the [Orange County] jail exists, and can only exist with full

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:18-cv-01835-JLS-KES | Date: January 03, 2020 |
| Title: Mathew Rendon v. County of Orange et al. | |

knowledge of the [] sheriff and failure to take correction [sic] action"; that "[t]he sheriff is responsible for the culture in the jail the ACLU having collected and informed the sheriff of the ongoing problem of physical abuse of prisoners by guards"; and that "Sheriff Don Barnes is aware of the ACLU report and current ACLU investigations into brutality and sanctioned this conduct ,including [sic] not disciplined [sic] Deputy Franklin nor any officer for brutality or sexual assault." (SAC ¶¶ 8–9, 15, 25, 31, 37, Doc. 35.)

In sum, unlike the allegations in *Starr*, but like those in *Iqbal*, 556 U.S. 662, Plaintiff's allegations in support of his theory of supervisory liability are conclusory in nature, which "disentitles them to the presumption of truth" otherwise in place on a motion to dismiss. *See id.* at 681. "[C]onclusory allegations that a defendant 'knew or should have known' of [constitutional violations] do not state a claim for relief." *Lapachet v. Cal. Forensic Med. Grp., Inc.*, 313 F. Supp. 3d 1183, 1194 (E.D. Cal. 2018) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Nor are Plaintiff's conclusory allegations saved by an oblique reference to an ACLU "report" or "investigations."

Accordingly, Plaintiff's federal claims against former Sheriff Hutchens and Sheriff Barnes are dismissed.

### C. Deputy Defendants

The Motion to Dismiss does not seek dismissal of any claims against Deputy Franklin or Deputy I. Zumar. The Court therefore makes no ruling as to the substance of Plaintiff's claims against the Deputy Defendants.

### D. Leave to Amend

The Court has before it Plaintiff's proposed Third Amended Complaint ("Proposed TAC"), which Plaintiff attached to his Opposition in redline form (Proposed TAC, Doc. 47-1). Because Plaintiff's edits are very minimal—indeed, they are mostly cosmetic—the Court finds that Plaintiff's Proposed Third Amended Complaint, like his First Amended and Second Amended Complaints, does not pass muster, at least with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01835-JLS-KES                                      Date: January 03, 2020
Title: Mathew Rendon v. County of Orange et al.

respect to Plaintiff's federal claims against County Defendants. In other words, by proposing a deficient Third Amended Complaint, Plaintiff has made clear "that the deficiencies of the [SAC discussed herein] could not be cured by amendment[,]" *Karim-Panahi*, 839 F.2d at 623 (9th Cir. 1988) (internal quotation marks and citations omitted).

The Court therefore denies Plaintiff leave to amend his federal claims against County Defendants. *Cf. Destfino v. Reiswig*, 630 F.3d 952, 959 (9th Cir. 2011) ("Here, the district court gave plaintiffs several chances to amend, with detailed instructions as to what they needed to do to fix the problems with their complaint. Plaintiffs failed to comply with these orders and it was therefore proper for the court to dismiss their entire complaint without further leave to amend.").

## IV.    CONCLUSION

The Court does not currently have before it an operative complaint with viable federal claims. Additionally, the County has filed with the Court a Motion to Quash Service of Summonses, Dismiss for Insufficient Service of Process, and Strike Proofs of Service ("Motion to Quash") as to the remaining Defendants, Deputy Franklin and Deputy I. Zumar. (Mot. to Quash, Doc. 56.) Resolution of the Motion is still pending.

Accordingly, while the Court DISMISSES WITH PREJUDICE Plaintiff's federal claims against County Defendants, the Court declines to decide the motion to dismiss as to Plaintiff's state-law claims until a viable federal claim is before it.

Initials of Deputy Clerk: tg

# EXHIBIT B

Case 8:18-cv-01835-JLS-KES Document 78 Filed 03/31/20 Page 1 of 6 Page ID #:788

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01835-JLS-KES                                                       Date: March 31, 2020
Title: Mathew Rendon v. County of Orange et al.

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

    Terry Guerrero                                                             N/A
    Deputy Clerk                                                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

                Not Present                                       Not Present

**PROCEEDINGS:**    **(IN CHAMBERS) ORDER GRANTING DEFENDANT COUNTY OF ORANGE'S MOTION TO QUASH SERVICE OF SUMMONSES AND DISMISS PURSUANT TO FRCP 12(b)(5) FOR INSUFFICIENT SERVICE OF PROCESS (Doc. 56)**

     Before the Court is a Motion to Quash Service of Summonses, Dismiss for Insufficient Service of Process, and Strike Proofs of Service ("Motion to Quash") filed by Defendant County of Orange (the "County"). (Mot., Doc. 56.) Plaintiff opposed. (Opp., Doc. 60.) The County did not reply.[1]

     For the reasons set forth below, the Court GRANTS the Motion to Quash, dismissing this action as to Deputy Franklin and Deputy I. Zumar (collectively, "Deputy Defendants") without prejudice and striking Plaintiff's proofs of service as to them.

**I. BACKGROUND**

     The operative, Second Amended Complaint ("SAC") names a number of Defendants: the County, former Sheriff Sandra Hutchens, current Sheriff Don Barnes, and the two Deputy Defendants—Deputy Franklin and Deputy I. Zumar. On January 3, 2020, the Court dismissed the SAC as to the County, former Sheriff Hutchens, and Sheriff Barnes (collectively, "County Defendants"). (*See* Doc. 71.) More specifically, the Court dismissed with prejudice Plaintiff's federal claims against the County

---

[1] On March 27, 2020, Plaintiff filed a supplement to his Opposition. (Doc. 76.) Because Plaintiff did so without leave of Court, the Court does not consider his supplemental filing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01835-JLS-KES                                          Date: March 31, 2020
Title: Mathew Rendon v. County of Orange et al.

Defendants, declining "to decide the motion to dismiss as to Plaintiff's state-law claims until a viable federal claim [wa]s before it." (*Id.*) The Deputy Defendants remain.

Under County policies and procedures, the County does not accept service for either (a) "a vaguely identified purported County employee" where "vague identification of a County employee includes[,] without limitation[,] specification of a purported County employee by surname only in an instance when the County employs multiple individuals with the surname in question"; or (b) "a purported County employee who the County cannot verify is an individual currently employed by the County." (Knapp Decl. ¶ 13, Doc. 56-2.) The County does not cite any policy or procedure from which this language was borrowed. (*See id.*)

On July 15, 2019, Plaintiff attempted service on the Deputy Defendants at the offices of the Financial/Administrative Services Division of the Orange County Sheriff's Department ("OCSD"). (*See* Kotkin Decl. ¶ 3, Doc. 56-1.) An OCSD Staff Assistant authorized to accept service on behalf of County employees who work for OCSD, Vanessa B. Reid-Mena, rejected the service attempt for both Deputy Defendants: for Franklin because, as of July 15, 2019, OCSD had four employees with that same last name; and for Zumar because Reid-Mena determined that an OCSD employee with the name I. Zumar did not exist. (*See* Reid-Mena Decl. II ¶¶ 3, 8–9, Doc. 58.) In fact, the County has never employed an OCSD deputy sheriff by the name of I. Zumar. (*See* Reid-Mena Dec. I ¶ 7, Doc. 47.) In accordance with County and OCSD procedures, Reid-Mena "initiated a communication to ensure that information about [her] refusal to accept service of process . . . would reach the Office of County Counsel." (Reid-Mena Decl. II ¶ 11.)

On September 25, 2019, when over 90 days had passed since the filing of the SAC, the Court issued an order for Plaintiff to show cause why the claims against the Deputy Defendants should not be dismissed for lack of service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (OSC, Doc. 50.) According to proofs of service filed by Plaintiff on September 30, 2019, Plaintiff served both Defendants on September 27, 2019 at 333 W. Santa Ana Blvd. #465, Santa Ana, CA 92701, which, per the County's Motion to Quash, is the location of the office of the County's Clerk of the Board of Supervisors. (*See* Proofs of Service, Docs. 54–55; Mot. at 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01835-JLS-KES                                  Date: March 31, 2020
Title: Mathew Rendon v. County of Orange et al.

On October 18, 2019, the County moved to quash service, dismiss the SAC for insufficient service of process, and strike the proofs of service as to the Deputy Defendants on the grounds that Plaintiff's September 27, 2019 service was "improper" and "ineffective"—even fraudulent. (*See* Mot. at 3–4, 12–13.) The Court heard oral argument on the Motion on December 13, 2019. At the hearing, Plaintiff argued that a discovery dispute existed as to a video allegedly in the County's possession that may reveal at least Deputy Franklin's full name. Plaintiff filed a motion to compel discovery of that video on December 11, 2019. (*See* Doc. 62.) On December 30, 2019, the Magistrate Judge denied Plaintiff's motion to compel "without prejudice to refiling following full compliance with Local Rules 37-1 and 37-2." (Doc. 69 at 3.) Accordingly, on January 2, 2020, the Court ordered the parties to apprise the Court of the status of the discovery dispute within fourteen days, declining to rule on the Motion to Quash while the discovery dispute was ongoing. (*See* Doc. 70.)

The parties timely complied, advising the Court that they were in the process of finalizing a joint stipulation regarding a renewed motion to compel by Plaintiff. (*See* Doc. 72 at 3.) The parties filed their joint stipulation on March 16, 2020. (*See* Doc. 73.) On March 20, 2020, the Magistrate Judge denied Plaintiff's Motion to Compel (Doc. 74), ending the discovery dispute that held the Court back from ruling on the Motion to Quash.

## II. LEGAL STANDARD

Under Rule 12 of the Federal Rules of Civil Procedure, a defendant may move to dismiss an action for insufficient service of process.[2] *See* Fed R. Civ. P. 12(b)(5). "Once

---

[2] Normally, "the person served with process is the proper party to allege error." *United States v. Viltrakis*, 108 F.3d 1159, 1161 (9th Cir. 1997). Here, the County, a third party (at least with respect to claims against the Deputy Defendants in their *individual* capacities), challenges the service on Deputy Franklin and Deputy I. Zumar, creating a standing issue.

The Court finds this third-party challenge appropriate. "Although in certain circumstances a party who satisfies the strictures of Article III . . . will be able to litigate the rights of a third party with respect to that case, under prudential standing guidelines such third party standing is permissible only where there [exists] some hindrance to the third party's ability

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01835-JLS-KES                                                  Date: March 31, 2020
Title: Mathew Rendon v. County of Orange et al.

service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Where a plaintiff is unable to satisfy her burden, "the district court has discretion to dismiss an action or to quash service." *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). "If effective service can be made and there has been no prejudice to the defendant, a court will generally quash service rather than dismiss the action." *Procopio v. Conrad Prebys Tr.*, No. 14CV1651 AJB KSC, 2015 WL 4662407, at *4 (S.D. Cal. Aug. 6, 2015). Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court may, on its own or "on motion made by a party [] before responding to the pleading[,]" "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed R. Civ. P. 12(f)(1)–(2).

## III. DISCUSSION

"Generally, a plaintiff can meet its burden of establishing the validity of service by providing the process server's return because 'the process server's return will provide a prima facie case as to the facts of service.'" *Cheng v. AIM Sports, Inc.*, No. CV 10-3814 PSG PLAX, 2011 WL 320993, at *2 (C.D. Cal. Jan. 26, 2011). "In fact, a signed return of service 'can be overcome only by strong and convincing evidence' put forth by the complaining party." *Id.* (citing *S.E.C. v. Internet Sols. for Bus., Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007); then citing *Hong–Ming Lu v. Primax Wheel Corp.*, No. CV 04–4170, 2005 WL 807048, at *4 (N.D. Cal. Apr. 7, 2005)).

to protect his or her own interests." *Ribbens Int'l, S.A. de C.V. v. Transp. Int'l Pool, Inc.*, 45 F. Supp. 2d 982, 984 (C.D. Cal. 1999) (quoting *Wedges/Ledges of California, Inc. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir.1994)). Here, as the Court discusses further below, the County's declarations persuade the Court that Deputy Defendants Franklin and I. Zumar do not exist or are indeterminable as named. Therefore, Deputy Defendants cannot themselves challenge Plaintiff's service. Moreover, Plaintiff has sued the Deputy Defendants in both their official and individual capacities, rendering the County a sufficiently interested party. Finally, the Court has independently inquired as to the status of service on the Deputy Defendants by issuing the Order to Show Cause re: Service on Deputy Defendants on September 25, 2019. (*See* Doc. 50). In bringing this Motion, therefore, the County is effectively arguing that the Court should not discharge that Order to Show Cause.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01835-JLS-KES                                          Date: March 31, 2020
Title: Mathew Rendon v. County of Orange et al.

  Here, Plaintiff submitted proofs of service as to both Deputy Franklin and Deputy I. Zumar. (Proofs of Service, Docs. 54–55.) The County argues that the proofs of service are "patently false" because Plaintiff filed them with the Court despite being on notice that four deputies employed by OCSD have the last name Franklin and no OCSD employee has the name "I. Zumar." (*See* Mot. at 12–13; *see also* Reid-Mena Decl. II ¶¶ 8–9, Doc. 58.)

  Plaintiff must "establish[] valid service of process on the defendant Deputies in their individual capacities," because his claims against Deputy Defendants "in their official capacities are equivalent to a claim against the County." *Taylor v. San Bernardino Cty. Sheriffs*, No. EDCV 09-404-MMM MAN, 2009 WL 3365935, at *3 (C.D. Cal. Oct. 19, 2009). Under Rule 4(e) of the Federal Rules of Civil Procedure, an individual may be served by "doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion . . .; or (C) delivering a copy of each to an agent authorized . . . to receive service of process." Fed. R. Civ. P. 4(e). Rule 4(e) also permits service pursuant to "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" *Id.* In California, "[i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, . . . a summons may be served by leaving a copy of the summons and complaint at the person's . . . usual place of business" with "a person apparently in charge of his or her office, [or] place of business[.]" Cal. Civ. Proc. Code § 415.20.

  Viewed charitably, Plaintiff's attempt to serve Deputy Defendants at the office of the County's Clerk of the Board of Supervisors would appear to be a reasonable attempt to deliver a copy of the summons and the complaint in compliance with Section 415.20. Yet, Plaintiff made this second service attempt after being told that his first service attempt was deficient, not because he attempted to effect service at the wrong office, but because the Deputy Defendants he attempted to serve either do not exist or are indeterminable as named. In fact, Plaintiff appears to have done very little between his first and second service attempts to discover Deputy Defendants' full or real names.

Case 8:18-cv-01835-JLS-KES   Document 78   Filed 03/31/20   Page 6 of 6   Page ID #:793

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01835-JLS-KES                                           Date: March 31, 2020
Title: Mathew Rendon v. County of Orange et al.

(*See, e.g.*, Kotkin Decl. ¶ 17, Doc. 56-1 ("Since the County rejected Plaintiff's service of process on July 15, 2019, Plaintiff has not served the County with any interrogatories related to a potential effort by Plaintiff to correctly identify" the Deputy Defendants.).)

The Court finds the County has produced "strong and convincing" evidence that Plaintiff did not properly identify Deputy Defendants for purposes of service sufficient to overcome the signed proofs of service Plaintiff filed. *See Cheng*, 2011 WL 320993, at *2. Because Plaintiff still cannot identify the individual defendants, effective service cannot be made. Further, more than nine months have passed since Plaintiff filed his SAC and six months since the Court issued its OSC re service. The Court has given Plaintiff more than ample time to use alternate means (such as interrogatories) to discover the identities of the Deputy Defendants, and despite the Court's suggestion that he use such means, Plaintiff has failed to do so. Accordingly, the Court concludes that there exists no "reasonable prospect that service may yet be obtained" and exercises its broad discretion to dismiss the SAC as to the Deputy Defendants. *Cf. Moletech Glob. Hong Kong Ltd. v. Pojery Trading Co.*, No. C 09-00027 SBA, 2009 WL 506873, at *3 (N.D. Cal. Feb. 27, 2009) (internal quotation marks omitted). The Court also strikes the proofs of service Plaintiff filed as to Deputy Defendants.

## IV. CONCLUSION

For the foregoing reasons, the Court DISMISSES Plaintiff's claims against Deputy Defendants WITHOUT PREJUDICE. The Court also STRIKES Plaintiff's proofs of service as to Deputy Defendants (Docs. 54–55).

The Court previously dismissed Plaintiff's federal claims against County Defendants and declined to rule on any state-law claims until a viable federal claim was before it. Having now dismissed all pending federal claims in this action, the Court declines to exercise supplemental jurisdiction over any remaining state-law claims against County Defendants. The SAC is therefore dismissed in its entirety.

Initials of Preparer: tg

# EXHIBIT C

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATHEW RENDON, individually,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE, a Governmental Entity; SANDRA HUTCHENS, Orange County Sheriff, Individually; DON BARNES. Orange County Sheriff, Individually; Deputy FRANKLIN, Individually; Deputy I. ZUMAR, Individually; and in their official capacity and DOES 1-20,<br><br>Defendants. | CASE NO. 8:18-cv-01835-JLS-KES<br><br>*Assigned to: Hon. Josephine L. Staton*<br><br>**JUDGMENT** |

1

# JUDGMENT

On January 3, 2020 Order the Court granted the Motion to Dismiss of Defendants County of Orange, Sheriff Don Barnes, and former Sheriff Sandra Hutchens ("the County Defendants"), dismissing all federal claims with prejudice. (*See* Doc. No. 71.) All remaining claims have been dismissed without prejudice.

The County Defendants may seek from Plaintiff Mathew Rendon costs of suit pursuant to a bill of costs filed in accordance with 28 U.S.C. § 1920 and Local Rule 54.

DATED: April 07, 2020

HON. JOSEPHINE L. STATON
United States District Judge

2