S. Frank Harrell, Esq – SBN 133437
sharrell@lynberg.com
Jesse K. Cox, Esq. – SBN 285218
jcox@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 Town & Country Road, Suite 1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendants COUNTY OF ORANGE, KEITH FRANKLIN, and EVER ZELAYA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT COURT OF CALIFORNIA

| MATHEW RENDON, Individually, | CASE NO. 8:21-cv-00190 |
|---|---|
| Plaintiff, | **NOTICE OF RELATED CASE (L.R. 83-1.3)** |
| vs. | |
| COUNTY OF ORANGE, KEITH S. FRANKLIN; I ZUMAR; EVER I. ZELAYA; and DOES 1 – 30, Inclusive | |
| Defendants. | |

---

1
**NOTICE OF RELATED CASE (L.R. 83-1.3)**

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that the above entitled action, <u>Mathew Rendon v. County of Orange, et al.</u>, Case No. 8:21-cv-00190, initiated on January 27, 2021, upon removal from the Superior Court for the County of Orange, relates to a prior action filed by Plaintiff Mathew Rendon ("Plaintiff"), entitled <u>Mathew Rendon v. County of Orange, et al.</u>, Case No. 8:18-cv-01835-JLS-KES.  Accordingly, Defendants County of Orange ("County"), Keith S. Franklin ("Franklin"), and Ever I. Zelaya ("Zelaya") hereby submit the instant Notice of Related Case pursuant to Local Rule 83-1.3.  The cases are related to one another for the reasons stated herein:

    1.    On or about October 10, 2018, Plaintiff commenced an action in the United States District Court for the Central District of California entitled <u>Mathew Rendon v. County of Orange, et al.</u>, Case No. 8:18-cv-01835-JLS-KES.  In that case, Plaintiff made allegations that he was abused while incarcerated at the Orange County Jail in 2018 and in February 2019.  Specifically, he alleged that in 2018, he was "beaten" by Orange County Sheriff's Department deputies, including a "Deputy Franklin" and "Deputy Zumar," during seven unmonitored "elevator rides."  He further alleged that on or about February 9, 2019 or February 10, 2019, he was subjected to a "sexual assault" or "battery" when a "Deputy Franklin…squeezed [Plaintiff's] testicles and injected a finger into [Plaintiff's] anus…."  Plaintiff alleged that when he "complained" of these supposed "violations" to "Deputy Zumar, Deputy I. Zumar told [Plaintiff] he was going to go to [Plaintiff's] home in South County and rape his wife."  From this factual predicate, Plaintiff asserted various federal civil rights claims pursuant to 42 U.S.C. § 1983 for alleged violations of the First and Fourth Amendments, and various California tort claims in the form of "Battery," "Negligence," and "Bane Act" violations.  These claims were asserted against Defendants County of Orange, former Sheriff Sanda Hutchens, and

Sheriff Don Barnes. Plaintiff also purported to sue various individual defendants, including a "Deputy Franklin" and "Deputy Zumar." The allegations summarized herein are all contained within what was Plaintiff's operative Second Amended Complaint. (See, "Second Amended Complaint for Violations of Civil Rights and State Claims," Case No. 8:18-cv-01835-JLS-KES, Exhibit "A").

    2. On January 3, 2020, the Honorable Josephine L. Staton entered an order dismissing Case No. 8:18-cv-01835-JLS-KES against Defendants County of Orange, former Sheriff Hutchens, and Sheriff Barnes with prejudice. (See, Case No. 8:18-cv-01835-JLS-KES, Dkt. 71, Exhibit "B"). On March 31, 2020, Judge Staton entered an order dismissing Case No. 8:18-cv-01835-JLS-KES against individual and unserved defendants "Deputy Franklin" and "Deputy Zumar" for Plaintiff's inability to effect proper service. (See, Case No. 8:18-cv-01835-JLS-KES, Dkt. 78, Exhibit "C"). Having previously dismissed the County, former Sheriff Hutchens, and Sheriff Barnes with prejudice, Judge Staton ordered Plaintiff's then-operative Second Amended Complaint dismissed in its entirety. (See, Case No. 8:18-cv-01835-JLS-KES, Dkt. 78, Exhibit "C"). On April 7, 2020, Judge Staton entered judgment against Plaintiff on Case No. 8:18-cv-01835-JLS-KES. (See, Case No. 8:18-cv-01835-JLS-KES, Dkt. 80, Exhibit "D").

    3. After complete dismissal of his prior federal action, on or about May 26, 2020, Plaintiff commenced an action in the Superior Court of the State of California for the County of Orange, Case No. 30-2020-01145121-CU-CR-CJC, entitled Mathew Rendon v. County of Orange. On or about June 26, 2020, the Superior Court issued and filed a Summons on Plaintiff's Complaint.

    4. On or about August 12, 2020, Plaintiff filed a First Amended Complaint in the Superior Court of the State of California for the County of Orange, Case No. 30-2020-01145121-CU-CR-CJC. A copy of the file-stamped version of the operative First Amended Complaint is attached hereto as Exhibit "E." On or about November 30, 2020, the Superior Court issued and filed a Summons on

Plaintiff's First Amended Complaint. That Summons is attached hereto as Exhibit "F."

5. Plaintiff personally served Defendants County of Orange, Keith S. Franklin, and Ever I. Zelaya on December 28, 2020, by hand-delivering copies of Summonses and the First Amended Complaint from his Superior Court action at the office of the Clerk of the Board of Supervisors and the Orange County Sheriff's Department. Proofs of Service of Summons memorializing service on the County, Keith S. Franklin, and Ever I. Zelaya are attached hereto as Exhibit "G." As was the case in Plaintiff's prior federal action, the Orange County Sheriff's Department did not accept service for named defendant "I. Zumar," as no such person is employed by the Orange County Sheriffs' Department.

6. Plaintiffs' First Amended Complaint alleges the following causes of action:

    1) "CLAIM FOR 42 U.S.C. § 1983 – EXCESSIVE FORCE – VIOLATION OF 1st & 4th AMENDMENT RIGHTS" for dates 4/1/18 – 10/31/18 against Defendants County of Orange, Keith S. Franklin, I. Zumar, Ever Zelaya and Does 1-10;

    (2) "CLAIM FOR 42 U.S.C. § 1983 – EXCESSIVE FORCE – VIOLATION OF 1st & 4th AMENDMENT RIGHTS" for dates 2/9/19 – 2/10/19 against Defendants County of Orange, Keith S. Franklin, I. Zumar, Ever I. Zelaya, and Does 1 - 20;

    (3) "CALIFORNIA STATE LAW CLAIM FOR BATTERY" for dates 4/1/18 – 10/31/18 against Defendants County of Orange, Keith S. Franklin, I. Zumar, Ever I. Zelaya, and Does 1 -10;

    (4) "CALIFORNIA STATE LAW CLAIM FOR BATTERY & SEXUAL BATTERY" for dates 2/9/19 – 2/10/19 against Defendants County of Orange, Keith S. Franklin, I. Zumar, Ever I. Zelaya, and Does 1 - 20;

      (5) "CALIFORNIA STATE LAW CLAIM FOR VIOLATION OF CAL. CIVIL CODE § 52.1" for dates 2/9/19 – 2/10/19 against Defendants County of Orange, Keith S. Franklin, I. Zumar, Ever I Zelaya.

(See generally, First Amended Complaint, Exhibit "E").

7. Recognizing that Plaintiff's federal claims asserted in his Superior Court action implicate federal question jurisdiction, and recognizing that the factual and legal issues track those from Plaintiff's prior federal action, on January 27, 2021, Defendants County, Franklin, and Zelaya removed Plaintiff's Superior Court action to federal court. A copy of Defendants' Notice of Removal is docketed as Dkt. No. 1 in the instant action.

8. Plaintiff's operative First Amended Complaint in the now-removed action arises from the same alleged transactions and events as those alleged in Plaintiff's prior federal action that was before Judge Staton. It also calls for determinations of the same or substantially related questions of law and fact that were before Judge Staton. In this connection, Defendants submit that assigning this case to any other venue would result in a needless duplication of labor.

9. Specifically, as in Plaintiff's prior federal case, Plaintiff alleges that "beginning in approximately April 2018 and on a total of seven occasions following every 2 or 3 weeks, [Plaintiff] was beaten while in chains in the jail elevator." (See, First Amended Complaint, pp. 4-5, Exhibit "E"). He alleges these beatings took place "while the power was out, leading the guards to believe there were no working cameras so they could beat [Plaintiff] with impunity. (Id.). Plaintiff claims that when he complained about these "beatings," Deputies Franklin, Zumar, Zelaya and Does 1-20 "told [Plaintiff] he was going to go to [Plaintiff's] home in South County and rape his wife, if he continued to complain about his beatings or if he made inmate grievances about his beatings." (Id.). As in his prior federal case, Plaintiff further alleges that on or about February 9, 2019 or February 10, 2019, he was

"subjected to a 'strip search' which included sexual assaults by Keith S. Franklin, I. Zumar, Ever I. Zelaya and DOES 1 through 20, who brutally squeezed [Plaintiff's] testicles, and injected a finger into [Plaintiff's] anus."  (See, First Amended Complaint, p. 5, Exhibit "E").  According to Plaintiff, "[s]aid conduct by said defendants constituted violations of the plaintiff's rights under the First Amendment (right to petition / freedom of speech) and the Fourth Amendment (unreasonable / excessive force) to the United States Constitution."  (See, First Amended Complaint, pp. 4-5, Exhibit "E").

10. Plaintiff's current Third, Fourth and Fifth Causes of Action seek relief pursuant to California law, including claims for "Battery," "Battery & Sexual Assault," and "Violation of Cal. Civil Code § 52.1."  (See generally, First Amended Complaint, pp. 6-8, Exhibit "E").  These claims track the substance of Plaintiff's state law claims in Plaintiff's prior federal action, which all speak to the alleged "beatings" and "sexual assault" discussed above.

11. Based on the foregoing, Defendants submit this action is "related" to Plaintiff's prior federal action consistent with the factors outlined by Local Rule 83-1.3.1.

DATED:  January 27, 2021

Respectfully submitted,

**LYNBERG & WATKINS**
A Professional Corporation

By: _____
**S. FRANK HARRELL**
**JESSE K. COX**
Attorneys for Defendants
COUNTY OF ORANGE, KEITH FRANKLIN. and EVER ZELAYA

4836-3562-1081, v. 1